IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:04cr13

DWAYNE FERGUSON,

    Petitioner.

### MEMORANDUM OPINION

On February 11, 2005, the Court sentenced Dwayne Ferguson to a 765-month term of imprisonment for drug and firearm offenses. On November 6, 2009, Ferguson filed a 28 U.S.C. § 2255 motion wherein he claimed, *inter alia*, that he was denied the effective assistance of counsel. (ECF No. 177.) Specifically, as pertinent here, Ferguson asserted that counsel misled him to believe that he would face the same amount of time whether he went to trial or took a plea. By Memorandum Opinion and Order entered on January 3, 2011, the Court denied as barred by the statute of limitations a 28 U.S.C. § 2255 motion filed by Ferguson. (ECF Nos. 186, 187.) The matter is before the Court on Ferguson's MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. PROC. § 60(b)(6) AND MOTION TO REOPEN 28 U.S.C. § 2255 IN LIGHT OF CHANGE OF LAW BY SUPREME COURT IN BUCK V. DAVIS 580 U.S. ___, 137 U.S. 759 (decided on feb. 22,

2017) ("Rule 60(b)(6) Motion," ECF Nos. 209-10.) For the reasons set forth below, the Rule 60(b)(6) Motion will be denied.[1]

### I. Rule 60(b)(6) Generally

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (quoting Werner, 731 F.2d at 207).

---

[1] The Court corrects the spelling, punctuation, and capitalization in the quotations from Ferguson's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

2

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." Shanklin v. Seals, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). As pertinent here, courts have held that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997).

## II. Analysis Of Ferguson's Demand For Rule 60(b)(6) Relief

In his Rule 60(b)(6),

> Mr. Ferguson asserts that the change in the law in the habeas context in Buck v. Davis, 580 U.S. ___, 137 S. Ct. 79 (2017) serves as an 'extraordinary circumstance' in combination with other factors, such as the denial of the right to effective assistance of counsel during pretrial, trial, and sentencing, in violation of the United States Constitution Sixth Amendment, where due to counsel's overall ineffectiveness, Mr. Ferguson was sentenced to 765 months in prison . . . .

(Rule 60(b)(6) Mot. 15.)

The United States Court of Appeals for the Eighth Circuit aptly summarized Buck as follows:

> In that case, Buck sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view

3

> that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under Coleman v. Thompson, 501 U.S. 722 (1991). Thereafter, the Supreme Court issued Martinez [v. Ryan, 566 U.S. 1 (2012)] and Trevino[ v. Thaler, 569 U.S. 413 (2013)] modifying the Coleman rule. Following [Martinez], Buck sought to reopen his § 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death in part because of his race." Id. at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution, . . . the community at large, and . . . the democratic ideal reflected in the processes of our courts.'" Id. (quoting Rose v. Mitchell, 443 U.S. 545, 556 (1979)). Third, the case's extraordinary nature was confirmed by the State's refusal to confess error in Buck's case, despite admitting error in similar cases. Id.

Davis v. Kelley, 855 F.3d 833, 835-36 (8th Cir. 2017) (parallel citations omitted) (last alteration in original).

Like the petitioner in Davis, Ferguson "has failed to present extraordinary circumstances mirroring those demonstrated in Buck." Id. at 836. "Buck focused on the race-based nature of the case and its far reaching impact on the community by the prospect of a defendant having been sentenced to death because of his race. These extraordinary facts have no application to the present case." Id. Moreover, unlike the petitioner in Buck, Ferguson's claims were found to be barred by the relevant statute of limitations, rather than procedurally defaulted. Ferguson fails to identify any intervening change of law that indicates the

4

dismissal of Ferguson's claims as barred by the statute of limitations was incorrect. Accordingly, Ferguson's Rule 60(b)(6) Motion (ECF Nos. 209, 210) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Ferguson and counsel for the United States.

It is so ORDERED.

Date: April 29, 2021
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge